IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-11-CR-0197-O(03) |
| | § | NO. 3-12-CV-0843-O-BD |
| JESUS ESQUIVEL BRAMBILA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Jesus Esquivel Brambila, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A)(viii). Punishment was assessed at 168 months confinement followed by a two-year term of supervised release. No appeal was taken. Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In four broad grounds for relief, defendant contends that: (1) his guilty plea was involuntary; (2) the prosecutor failed to disclose evidence favorable to the defense; (3) his conviction was the result of an unconstitutional search and seizure; and (4) he received ineffective assistance of counsel.

A.

Defendant alleges that his guilty plea was "unlawfully induced or not made voluntarily or with understanding of the charge and the consequences of the plea." (*See* Def. Am. Mot. at 7, ¶

12(A)). It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005), *citing Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998), *quoting Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the admonishments required under Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *See id.* at 627.

Prior to accepting his guilty plea, the court fully admonished defendant in accordance with the requirements of Rule 11. Defendant testified under oath, with the aid of a Spanish language interpreter, that he received a copy of the superseding indictment and understood the essential elements of the offense, (*see* Gov't Resp. App., Exh. 3, Rearraign. Tr. at 2, 9-10), that he read and understood the factual resume, (*see id.*, Exh. 3, Rearraign. Tr. at 16-17), that he understood the range of punishment, (*see id.*, Exh. 3, Rearraign. Tr. at 11-12), and that he committed all of the essential elements of the crime as set forth in the factual resume. (*Id.*, Exh. 3, Rearraign. Tr. at 10, 16-17). Defendant told the judge that his guilty plea was not the result of any promises, threats, or assurances of any kind. (*Id.*, Exh. 3, Rearraign. Tr. at 7, 15). When asked if anyone attempted to force him to

plead guilty, or made any promises or assurances in an effort to induce his guilty plea, defendant answered, "No." (*Id.*, Exh. 3, Rearraign. Tr. at 15). This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Nothing in the record supports defendant's conclusory and self-serving assertion that his plea was improperly induced or otherwise involuntary. *See Salazar v. United States*, No. 3-08-CV-1799-L, 2008 WL 4791461 at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary).

B.

In separate grounds for relief, defendant contends that the prosecutor failed to disclose evidence favorable to the defense and that his conviction was the result of an unconstitutional search and seizure. The government counters, *inter alia*, that defendant waived his right to challenge his conviction on these grounds as part of the agreement.

The Fifth Circuit has held that a defendant may waive his right to appeal or to seek post-conviction relief as part of a valid plea agreement, "provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011), *quoting United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006). A waiver is knowing and voluntary if the defendant knows he has the right to appeal his sentence and that he is giving up that right. *Id.* The defendant must also understand the consequences of the waiver. *Id.* "If the district court accurately explains the terms and consequences of the waiver of appeal and the defendant states on the record that he

understands them, the defendant's later contention that he did not really understand will not invalidate the waiver." *Id.*

As part of the plea agreement in this case:

> Brambila waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. *He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.* Brambila, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Gov't Resp. App., Exh. 1, Plea Agr. at 4, ¶ 11) (emphasis added). This waiver provision was read aloud to defendant at rearraignment. (*See id.*, Exh. 3, Rearraign. Tr. at 13-14). Defendant told the judge that he understood the effect of his waiver and had no questions about the waiver. (*Id.*, Exh. 3, Rearraign. Tr. at 14). Because defendant knowingly and voluntarily waived his right to seek post-conviction relief except on limited grounds, none of which are implicated by his *Brady* claim or his Fourth Amendment claim, those grounds are barred from collateral review.[1]

C.

Finally, defendant contends that he received ineffective assistance of counsel because his attorney: (1) did not ask for a continuance of the sentencing hearing so defendant could qualify for a sentence reduction under the Attorney General's "Fast Track" program; (2) failed to investigate the case; (3) did not return defendant's legal materials; (4) had an unspecified conflict of interest; (5) failed to challenge the arrest warrant; (6) did not "transfer" his motion to suppress to another court;

---

[1] Even if these claims were not waived by the plea agreement, they could have been raised on direct appeal and are procedurally barred for that reason. *See United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992) (post-conviction relief under section 2255 is generally limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice).

and (7) failed to advise defendant of unspecified deficiencies in the evidence against him. Most of these allegations of ineffective assistance of counsel are wholly conclusory and not supported by any facts. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000) (conclusory allegations insufficient to raise a cognizable claim of ineffective assistance of counsel). Only one claim -- that counsel failed to ask for a continuance of the sentencing hearing so defendant could qualify for a sentence reduction under the "Fast Track" program -- is alleged with enough specificity to merit consideration. However, there is no evidence that defendant was eligible for a reduced sentence under the "Fast Track" program. *See United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir.), *cert. denied*, 129 S.Ct. 624 (2008) (describing "Fast Track" program applicable to immigration offenses under 8 U.S.C. § 1326). Moreover, the decision whether to seek a sentence reduction under the program is left to the discretion of the government. *Id.* at 560-61. Because defense counsel had no authority to seek such relief, a continuance of the sentencing hearing for that purpose would have been futile. *See Lopez-Rodriguez v. United States*, No. B-07-155, 2008 WL 906513 at *3 (S.D. Tex. Apr. 3, 2008).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE